**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO.  09-02048** |
| | **Chapter   7** |
| **PMC MARKETING CORP** | |
| | **Adversary No. 12-00104** |
| **Debtor(s)** | |
| **NOREEN WISCOVITCH RENTAS** | |
| **CHAPTER 7 TRUSTEE** | |
| **Plaintiff** | |
| **vs.** | |
| **AGUADILLA SHOPPING CENTER INC** | |
| **Defendants** | **FILED & ENTERED ON 01/15/2014** |

## OPINION AND ORDER

Before this court is Defendant's Motion for Summary Judgment [Dkt. No. 30], Plaintiff's Opposition to Motion for Summary Judgment and Counter Motion for Summary Judgment [Dkt. No. 34], and Defendant's Reply to the Plaintiff's Opposition and Request for Plaintiff's Opposition to be Stricken [Dkt. No. 37]. For the reasons set forth below, the Defendant's Motion for Summary Judgment is GRANTED.

On March 19, 2009, PMC Marketing Corporation ("Debtor") was leasing a commercial space from Aguadilla Shopping Center ("Defendant") on a month-to-month basis for a monthly rent of $4,160 per month. The Debtor entered into such lease agreement with the Defendant in 1994.

Subsequently, Debtor fell into substantial arrears in its lease obligations to the Defendant. The last pre-petition check for rent was delivered to the Defendant on October 31, 2008. Debtor continued to occupy the leased commercial space after its bankruptcy filing and moved to assume its lease with Aguadilla Shopping Center on October 14, 2009. Shortly thereafter, Debtor revoked this assumption of lease.

## I. Factual Background

On March 19, 2009, Debtor filed a voluntary chapter 11 bankruptcy petition which was later converted to chapter 7. On March 2, 2012, the chapter 7 trustee, Noreen Wiscovitch-Rentas, ("Trustee") filed a complaint for recovery of property of the estate pursuant to 11 U.S.C. § 547. After some procedural wrangling not relevant to this discussion, Defendant's Motion for Summary Judgment and Plaintiff's Opposition followed.

## II. Summary Judgment Standard

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Under Federal Rules of Civil Procedure, Rule 56(c), made applicable in bankruptcy through Federal Rules of Bankruptcy Procedure, Rule 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya &

Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).

**III. Legal Analysis and Discussion**

In its Summary Judgment Motion, the Defendant argues that there are no genuine issues as to any material facts and that therefore it is entitled to judgment as a matter of law. More specifically, Defendant argues that the following material facts are undisputed:

1.     The Trustee failed to make an allegation specifying when an alleged voidable transfer occurred;

2.     The lease between the Debtor and the Defendant was a month to month lease;

3.     The last payment made by the Debtor to Defendant was on October 31, 2008 for the amount of a month's worth of rent ($4,160). That payment was 139 days prior to the Debtor's bankruptcy petition date. In exchange for the payment, Debtor continued to occupy Defendant's commercial premises;

4.     The Debtor had assumed the lease with the Defendant during the course of the main bankruptcy proceeding;

5.     Trustee failed to respond to any of the Defendant's Request for Admissions relevant to the extent that all of Debtor's transfers were for the immediate and contemporaneous value of its occupation of the Defendant's premises [Dkt. 30-2]; and,

6.     Debtor made its last monthly payment of $4,160 to the Defendant prior to the 90 day window subjected to the avoidance provisions of 11 U.S.C. §547.

Summarily, because the Trustee did not identify a transfer made by the Debtor to the Defendant that is subject to the avoidance provisions of 11 U.S.C. §547, the Defendant's Motion for Summary Judgment should be granted.

In her Opposition, Plaintiff argues that Defendant failed to bring forth or pinpoint any documentary evidence, answers to the interrogatories, depositions, or affidavits to establish why there are no material facts to be determined at trial. Further, the Plaintiff contends that the Defendant did not comply with the Local Rules for the U.S. District Court for the District of Puerto Rico, L.Cv.R. 56, which requires a party filing a motion of summary judgment to file a separate, short, and

concise statement of the material facts. Lastly, the Plaintiff contends that the Defendant received the rent payment for the month of October 2008 on January 15, 2009. Thus, because such payment was made for an antecedent debt while the Debtor was insolvent, such payment falls in the 90 day preference period. Therefore, such payment is subjected to the avoidance provisions of 11 U.S.C. §547. Furthermore, based on the same analysis as above, Plaintiff is requesting a counter motion for summary judgment and for this Court to enter a judgment in its favor in the amount of $4,160.00, plus attorney fees and costs.

In response to Plaintiff's Opposition, Defendant argues the following: (1) On October 19, 2012, Defendant served the Trustee with Requests for Admission, the Trustee did not respond to these requests [Dkt. No. 28, Exh. 1]; (2) The Trustee failed to respond to Defendant's Motion to have its request for admission deemed admitted [Dkt. No. 29]; (3) Defendant properly filed a separate statement of facts thereby adequately complying with the requirement of L.Cv.R. 56; and, (4) Debtor's last transfer to the Defendant was approximately 139 days prior to Debtor's petition date for which Debtor received full value in exchange for such payment.

After reviewing the arguments of the parties, and the relevant law, this Court concludes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Plaintiff has moved to deny Defendant's Motion for Summary Judgment on the following three grounds:

(1) Defendant failed to comply with L.Cv.R. 56;

(2) Defendant failed to meet the burden of illustrating that there is no genuine issue of material doubt; and

(3) Defendant failed to demonstrate that Debtor's last payment of October 2008 rent made in January 15, 2009 is not subject to the avoidance provisions of 11 U.S.C. §547.

A review of the motions filed demonstrates that Plaintiff's first ground has no merit. The

Defendant did indeed file a separate statement of undisputed material facts. [See Dkt. No. 30, Exh. 1] The court will now address the merits of Plaintiff's other contentions below.

The analysis begins with the governing provisions of the Bankruptcy Code. 11 U.S.C. § 547 of the Code provides, subject to exceptions not relevant in this instant case, as follows:

> (b) …[T]he trustee may avoid [i.e., rescind and recover for the bankruptcy estate] any transfer of an interest of the debtor in property –
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
> (A) *on or within* 90 days before the filing date of the petition ...
> (5) that enables such creditor to receive more than such creditor would receive if –
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.11 U.S.C. § 547 (emphasis added).

The crucial provision for purposes of this case is Section 547(b)(4)(A), which requires that a transfer, in order to be avoidable as a preference, must have been made on the date the bankruptcy petition was filed or "within 90 days before the filing date of the petition." Through a plain reading of the statutory text above, the timing of the transfer is one of several elements that must be satisfied before a transfer can be recovered as a preference. Such reading in respect to the Bankruptcy Code, is guided by the Supreme Court in Rake v. Wade, 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993), "[w]here the statutory language is clear, our 'sole function ... is to enforce it according to its terms.'" Id. at 471, 113 S.Ct. 2187 (citation omitted); see also Gardenhire v. United States Internal Revenue Service (In re Gardenhire), 209 F.3d 1145, 1148 (9th Cir.2000) ("Close adherence to the text of the relevant statutory provisions and rules is especially appropriate in a highly statutory area such as bankruptcy.") Therefore, because the language of Section 547(b)(4)(A) is clear, such language must be applied in a straightforward fashion.

The Debtor's bankruptcy petition was filed on March 19, 2009. Assuming that the other statutory requirements are adequately satisfied, a transfer that took place on March 19, 2009, would have been avoidable as a transfer made "on ... the filing date of the petition." A transfer taking place on March 18, 2009, would be avoidable as having been made "within [one day] before the filing date." Thus, extrapolating backward, a transfer that took place on December 19, 2008 would be avoidable as having been made "within ninety days before the filing date of the petition." Therefore, in order to be avoidable, such transfer must be made on or since December 19, 2008 up to and including March 19, 2009.

In this instant case, although both parties have their varying interpretations of the transfer date, the Court nonetheless must examine the evidence presented before it. Thus, this Court is acting within the bounds of a principle deeply grounded in civil law *probatio vincit arbitrariam praesumptionem* — proof conquers arbitrary presumption. The check presented in Exhibit 1 of Plaintiff's Opposition to Defendant's Motion for Summary Judgment is revealing. This check shows that the payment in contention was issued by Debtor on September 30, 2008 ("issue date") as evident from the face of the check under the subtitle "check date." This check was cashed by Defendant on November, 18, 2008 ("cashed date"), as evident from the Scotia Bank of Puerto Rico time stamp "11[/]18[/]2008." Therefore, regardless of whether this Court uses the "issue date" or the "cashed date," the transfer sought to be avoided by the Trustee is outside of the ninety days prior to the filing date. Accordingly, it is not avoidable as a preferential transfer under Section 547(b). Because similar conclusions are reached using either date as described above, this Court will not decide the question of which date surmounts to the "transfer" under Section 547(b). The court ends its analysis here since Plaintiff did not challenge Defendant's other statements of material facts.

WHEREFORE, IT IS ORDERED that the Plaintiff's Motion for Summary Judgment shall be,

and it hereby is, GRANTED and that the Defendant's Counter Motion for Summary Judgment shall

be, and it hereby is, DENIED. Clerk to enter judgment accordingly.

SO ORDERED

San Juan, Puerto Rico, this 15th day of January, 2014.

Brian K. Tester
U.S. Bankruptcy Judge